IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis Waters, | ) | C/A No. 0:14-745-JFA-PJG |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| Ernest Rowe, Disciplinary Hearing Officer; | ) | |
| Angela Brown, Counsel Substitute, | ) | |
| Defendants. | ) | |

The plaintiff, Curtis Waters ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is an inmate at Broad River Correctional Institution ("BRCI"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without the issuance and service of process.

### I. Factual and Procedural Background

Plaintiff, who alleges due process violations associated with prison disciplinary proceedings, states that he was charged with escape, threatening to inflict harm, and sexual misconduct on June 1, 2013. (ECF No. 1 at 2–3.) Plaintiff was notified of the charges on June 5, 2013, and Angela Brown ("Brown") was appointed as his counsel substitute. (Id. at 3.) Plaintiff alleges that he asked Brown to obtain a copy of the documentary evidence in his case and ensure that witnesses were present at the disciplinary hearing for cross-examination. (Id.) Plaintiff also states that he provided Brown with a copy of questions to present at the disciplinary hearing. (Id.) However, Plaintiff

claims that Brown failed to obtain the requested evidence. (Id. at 4.) Brown's actions allegedly denied Plaintiff the right to examine and present evidence at the disciplinary hearing on June 18, 2013, and prejudiced his "ability to prepare and present a defense to the charges." (Id.)

Plaintiff alleges that Ernest Rowe ("Rowe"), the Disciplinary Hearing Officer, instructed Brown not to rely on Plaintiff's "full and complete questions to his accuser." (Id. at 5.) Thus, Plaintiff alleges that Rowe denied Plaintiff the right to cross-examine his accuser at the hearing, and denied him the right to a fair and impartial decision-maker. (Id.) Rowe purportedly found Plaintiff guilty of all charges and imposed the following sanctions: (1) 720 days of disciplinary detention; (2) 1,440 days of canteen restriction; (3) 1,440 days of telephone and visitation restriction. (Id. at 6.) Plaintiff further alleges that the conditions in segregated confinement constitute an "atypical and significant hardship in relation to the ordinary incidences of prison life," and that he is unable to properly maintain his hygiene, interact with his counselors, or receive prompt medical attention for his Human Immunodeficiency Virus ("HIV") positive status. (Id.) Plaintiff seeks monetary damages. (Id. at 8.)

## II.   Discussion

### A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Disciplinary proceedings which implicate a protected liberty interest demand due process. See Wolff v. McDonnell, 418 U.S. 539 (1974). In Wolff, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written



notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. Wolff, 418 U.S. at 563–67. However, to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of life, liberty, or property by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472 (1995).

In the instant case, Plaintiff has made no allegations or representations to the court that he lost any good-time credits as a result of the disciplinary action, or that his disciplinary conviction resulted in an increase in the sentence imposed. Instead, Plaintiff alleges a loss of canteen, visitation, and telephone privileges. (ECF No. 1 at 6.) However, none of these restrictions implicate a protected liberty interest. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 461 (1989) ("The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause.") (citation omitted); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary restrictions "do not implicate due process concerns"); United States v. Alkire, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) ("[T]here is no constitutional or federal statutory right to use of a telephone while in prison."); see also Durdick v. Byars, C/A No. 3:11-2979-CMC-JRM, 2012 WL 5306263, at *5 (D.S.C. Sept. 28, 2012) (no protected liberty interest in telephone, canteen, or visitation privileges). As such, Plaintiff has failed to show that the

defendants' actions affected Plaintiff's sentence in such a way as to implicate a protected liberty interest, and give rise to the protection of the Due Process Clause by its own force.

The Complaint does assert allegedly atypical and significant hardships created by the prison conditions in segregated confinement, to include: (1) a small, cold cell; (2) limited recreation; (3) limited showers; (4) limited property and hygiene items; (5) limited contact with counselors; (6) limited participation in programs; and (7) limited access to prompt medical attention. (ECF No. 1 at 6.) However, the Supreme Court has held that disciplinary segregation does not present the type of atypical, significant deprivation in which a state might create a liberty interest. See Sandin v. Conner, 515 U.S. at 486; see also Beverati, 120 F.3d at 502 (4th Cir. 1997) (inmates do not possess a liberty interest in avoiding administrative segregation); Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) ("changes in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison"). As the alleged restrictions in segregated confinement are insufficient to demonstrate an atypical or significant hardship caused by the disciplinary proceedings, Plaintiff's due process claims must fail.

Finally, to the extent Plaintiff may be alleging an Eighth Amendment violation, he does not assert any personal involvement by the defendants in relation to the purported restricted prison conditions or limited medical attention in segregated confinement. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights). Nor does Plaintiff allege that his placement in segregated confinement has resulted in the deprivation of any basic human need. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (holding that the Constitution " 'does not mandate comfortable

prisons,' and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.") (citation omitted). Therefore, any claims asserted against the defendants under the Eighth Amendment are also subject to summary dismissal.

### III.  Conclusion and Recommendation

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 13, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).