UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis Waters, | ) | C/A No. 0:14-745-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Ernest Rowe, Disciplinary Hearing Officer; | ) | |
| Angela Brown, Counsel Substitute, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The *pro se* plaintiff, Curtis Waters, brings this action pursuant to 42 U.S.C. § 1983, against various employees of the South Carolina Department of Corrections for claims arising out of disciplinary charges made against him.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was notified of his right to file specific objections to the Report and Recommendation and he has timely done so. For the reasons which follow, the court agrees with Magistrate Judge that dismissal without prejudice is appropriate.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

According to his complaint, the plaintiff contends that defendant Brown, who was appointed as his substitute counsel, failed to obtain documentary evidence and proposed questions for the plaintiff's prison disciplinary hearing. Plaintiff contends that this inaction denied the plaintiff his right to examine and present evidence at the hearing and prejudiced his ability to prepare and present a defense. The plaintiff further alleges that defendant Rowe, the Disciplinary Hearing Officer ("DHO"), instructed defendant Brown not to rely on plaintiff's questions of his accuser, thus denying plaintiff the right to cross-examine his accuser at the hearing.

Plaintiff was charged with escape, threatening to inflict harm, and sexual misconduct. He was found guilty at his disciplinary hearing and was sanctioned with 720 days of disciplinary detention; 1,440 days of canteen restriction; and 1,440 days of telephone and visitation restriction.

Plaintiff contends that the conditions in segregated confinement constitute an "atypical and significant hardship in relation to the ordinary incidences of prison life" and that he is unable to maintain his hygiene, interact with counselors, or receive prompt medical attention for his HIV positive status. He seeks monetary damages.

As the Magistrate Judge notes, disciplinary proceedings which implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). The Supreme Court held under *Wolff*, that where a disciplinary hearing affects a liberty interest, inmates must received: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses

and present documentary evidence in his defense; (3) a written statement by fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. *Id*. at 563–67. To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of life, liberty or property by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995).

Here, the plaintiff alleges a loss of canteen, visitation, and telephone privileges—none of which resulted in an increase in the sentence imposed. Thus, none of these restrictions implicate a protected liberty interest.

The plaintiff asserts that because he is HIV positive, that placement in segregated confinement is an atypical and significant hardship that creates a liberty interest. He complains of a small, cold cell; limited recreation, showers, property and hygiene items; limited contact with counselors; limited participation in programs; and limited access to prompt medical attention. This court agrees with the Magistrate Judge that plaintiff cannot demonstrate an atypical or significant hardship caused by the sanctions imposed from the disciplinary hearing.

Finally, the Magistrate Judge opines that to the extent plaintiff may be alleging an Eighth Amendment violation, the plaintiff does not assert any personal involvement by the defendants in relation to the purported restricted prison conditions, nor does plaintiff allege

3

that his placement in segregation has resulted in the deprivation of his basic human needs. Thus, any such Eighth Amendment claims are subject to summary dismissal. This court agrees.

In his objections to the Report and Recommendation of the Magistrate Judge, plaintiff asserts that his confinement "without access to conditions and treatment necessary for an HIV positive prisoner is a 'novel situation' and should satisfy *Sandin's* 'atypical and significant hardship." Plaintiff further contends that after service of 720 days in segregated confinement, he will have to serve an additional minimum of 18 months in security detention for his escape charges. This, plaintiff asserts, will exacerbate his mental health and medical condition. Finally, plaintiff claims that when he was denied parole on May 15, 2014 due to an unfavorable institutional record or prison disciplinary record, this affected the possibility of his release on parole.

The court is unpersuaded by these arguments. Whereas in years past, an inmate who tested HIV positive might have been considered a "novel situation," that is not the case today. The court disagrees with the plaintiff that his condition is "atypical and significant." He has made no showing that he has been denied medical treatment and the other rigors of segregated confinement do not amount to an unconstitutional violation.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference and the plaintiff's objections are

overruled.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

September 10, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge